John D. Winer, Esq. (SBN 91078)
Erika J. Scott, Esq., SBN: 244724
Elana R. Jacobs, Esq. (SBN 303178)
WINER, BURRITT & SCOTT LLP
1901 HARRISON STREET, SUITE 1100
OAKLAND, CALIFORNIA 94612
Email: erika@wmlawyers.com
           elana@wmlawyers.com
Tel (510) 433-1000
Fax (510) 433-1001

Attorneys for Plaintiff
16BRACHEL PHILLIPS

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RACHEL PHILLIPS,<br><br>         Plaintiff,<br><br>     v.<br><br>BERKELEY UNIFIED SCHOOL DISTRICT; MATTHEW BISSELL, an individual; and DOES 1 to 25, inclusive,<br><br>         Defendants. | Case No.: 3:22-cv-02605-EMC<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND THE FIRST AMENDED COMPLAINT TO ADD PLAINTIFFS AND TO ALLOW THEM TO PROCEED ANONYMOUSLY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Complaint filed: June 15, 2021<br>Removed: April 28, 2022<br>Alameda Superior Court No.: RG21104054<br><br>Hearing:  June 9, 2022<br>Time: 1:30 p.m.<br>Ctrm: 5<br>Dist. Judge: Hon. Edward M. Chen<br><br>[Filed concurrently with 1) Declaration of Elana R. Jacobs; 2) the proposed Second Amended Complaint; and 3) [Proposed] Order] |

/ / /

/ / /

/ / /

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

NOTICE IS HEREBY GIVEN that on June 9, 2022B2, at 1:30 p.m3B., at the above-entitled Court located at 450 Golden Gate Avenue, San Francisco, CA 94102, Plaintiff will move this Court for an order granting leave to amend the First Amended Complaint and to add prospective plaintiffs pursuant to Rules 15 and 20 of the Federal Rules of Civil Procedure.

Plaintiff seeks leave to amend to file a proposed Second Amended Complaint, to add prospective plaintiffs to this action, and, with the exception of prospective plaintiff Esther Healey, to allow the prospective plaintiffs to proceed anonymously. Plaintiff further respectfully requests that the Court remand this action to the Alameda Superior Court. This Motion to Remand is based on this Notice of Motion, the Memorandum of Points and Authorities in support thereof, the Declaration of Elana R. Jacobs, on the papers and records on file, and upon such other and further evidence and arguments as may be presented at the hearing of this Motion.

Dated: May 23, 2022

WINER, BURRITT & SCOTT, LLP

By: _____
John D. Winer, Esq.
Erika J. Scott, Esq.
Elana R. Jacobs, Esq.

Attorneys for Plaintiff
16BRACHEL PHILLIPS

---

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND THE FIRST AMENDED COMPLAINT TO ADD PLAINTIFFS AND TO ALLOW THEM TO PROCEED ANONYMOUSLY**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    RELEVANT FACTS

Plaintiff Rachel Phillips attended Berkeley High School, which is owned and operated by defendant Berkeley Unified School District ("BUSD") from the fall semester of the 1999-2000 school year until the spring semester of the 2002-2003 school year. (First Amended Complaint ("FAC"), ¶12.) Defendant Bissell was a teacher and a coach at the High School and an employee of BUSD. (Id., ¶10.) While Phillips was attending Berkeley High School, Bissell engaged in conduct in the following conduct:

> **1)** touching, squeezing, and/or slapping Plaintiffs buttocks nearly every day when she was a student in Bissell's class and at other times when she was training on the track as a student-athlete and Bissell was out on the field with his football team; **2)** touching Plaintiff in the area between the buttocks and vagina; **3)** telling Plaintiff that she smelled good; **4)** picking Plaintiff up; **5)** licking Plaintiff's neck; **6)** licking Plaintiff's ear; **7)** putting his tongue in Plaintiff's ear; **8)** kissing Plaintiff's neck; **9)** sucking on Plaintiff's neck; **10)** kissing Plaintiff's ear; **11)** hugging Plaintiff, including hugging her from behind, sometimes squeezing and moaning while doing so; **12)** reaching into Plaintiff's pants and pulling her thong underwear up; **13)** loitering around the gym to watch Plaintiff play volleyball; **14)** trapping Plaintiff in various parts of the school, including the hallways near the locker rooms, in order to get her alone and talk to her on a personal level and then grope her; **15)** telling Plaintiff that she had "blossomed over the summer" when he said her next; **16)** asking Plaintiff about her home life, including who she lived with and where she was from; **17)** commenting on Plaintiff's breasts; **18)** holding Plaintiff after class just so he could talk to her; **19)** attempting to touch Plaintiffs vagina during hugs, sometimes actually touching and other times being blocked from touching it; and **20)** showing Plaintiff pictures of a topless Asian girl who appeared to be in her teens, identifying her to Plaintiff as his girlfriend and referring to her as "super hot."

(See Id., ¶60, 13:26-14:13.) Phillips complained to her volleyball coach and to the then athletic director, but BUSD failed to investigate her complaints and retained Bissell's employment. (Id., ¶17.) Further, Bissell's conduct was such that "anyone who witnessed his behavior would have been put on notice that he had an unnatural and abnormal interest in many of the female minor students who attended Berkeley High School and posed a reasonably foreseeable risk of harm to them." (Id., ¶14.) Despite her complaints and the clear risk posed to the female minor students of Berkeley High School, BUSD "continued to employ BISSELL until **June 30, 2021**, when BUSD forced him to resign." (Id., ¶21 [emphasis original].)

- 1 -

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND THE FIRST AMENDED COMPLAINT TO ADD PLAINTIFFS AND TO ALLOW THEM TO PROCEED ANONYMOUSLY**

Phillips now seeks leave to amend her First Amended Complaint to add additional plaintiffs, who attended Berkeley High School and who suffered childhood sexual harassment and/or sexual abuse as that phrase is used in California Code of Civil Procedure section 340.1(e) by Bissell. The seven prospective plaintiffs seek to join in each of Phillips' causes of action, except for her seventh cause of action for Battery, which three of the prospective plaintiffs seek to join.

Of the seven prospective plaintiffs, four are citizens of California. (See the proposed Second Amended Complaint, ¶4; Declaration of Elana R. Jacobs ("Jacobs Decl."), ¶3.) Thus, if the Court grants Phillips leave to amend to add the prospective plaintiffs and file the proposed Second Amended Complaint, the Court should remand this case to Alameda Superior Court because the Court will no longer have subject matter jurisdiction over this case due to the inclusion of non-diverse plaintiffs. (28 USC §1447(c) ["If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."].)

## II.  PROCEDURAL HISTORY

On June 15, 2021, plaintiff Phillips filed her initial Complaint in this matter in Alameda Superior Court. (Jacobs Decl., ¶2.) On September 21, 2021, defendant Matthew Bissell ("Bissell") filed his Answer to the initial Complaint. (Ibid.) On September 22, 2021, defendant Berkeley Unified School District ("BUSD") filed a Demurrer and Motion to Strike against the Complaint. (Ibid.) On December 17, 2021, the Alameda Superior Court granted BUSD's Motion to Strike. (Ibid.) On March 3, 2022, the Alameda Superior Court sustained in part BUSD's Demurrer and granted Plaintiff leave to amend. (Ibid.)

On March 28, 2022, Phillips filed her First Amended Complaint. (Ibid.) Therein, she alleges the following causes of action: 1) Negligence; 2) Negligent Supervision/Failure to Warn; 3) Negligent Hiring/Retention; 4) Sexual Assault; 5) Sexual Harassment (Civ. Code, §51.9); 6) Battery; 7) Intentional Infliction of Emotional Distress; and 8) Gender Violence (Civ. Code, §524). (Ibid.) On April 22, 2022, BUSD filed an Answer to the First Amended Complaint and a stipulation between BUSD and Plaintiff, which limits the application of a certain allegation and prayer for relief against BUSD. (Ibid.) On April 25, 2022, Bissell filed an Answer to the First Amended Complaint. (Ibid.)

/ / /

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND THE FIRST AMENDED COMPLAINT TO ADD PLAINTIFFS AND TO ALLOW THEM TO PROCEED ANONYMOUSLY**

Thereafter, on April 28, 2022, BUSD filed its Notice of Removal of Action under 28 USC §1332 (Diversity Jurisdiction) ("Notice of Removal"). (Ibid.)

### III. ARGUMENT

**A.  APPLICABLE LEGAL STANDARDS.**

When a party moves to amend its complaint to add a party, both Rule 15 and Rule 20 are implicated. (*Morand-Doxzon v. Delaware N. Companies Sportservice, Inc.*, (S.D. Cal. Mar. 4, 2021) 2021 WL 831263, at *2; citing *Desert Empire Bank v. Ins. Co. of North Am.*, (9th Cir. 1980) 623 F.2d 1371, 1374.)

**1.  FRCP 15 STANDARD.**

Federal Rule of Civil Procedure 15(a) permits a party to amend its pleading once as a matter of right any time before a responsive pleading has been served. Once a responsive pleading has been served, however, the amendment requires written consent of the adverse party or leave of the court, and leave "shall be freely given when justice requires." (FRCP 15(a)(2).) "Rule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" (*United States v. Webb*, (9th Cir. 1981) 655 F.2d 977, 979 [citation omitted].)  However, "[a]mendments seeking to add claims are to be granted more freely than amendments adding parties." (*Union Pac. R.R. Co. v. Nevada Power Co.*, (9th Cir. 1991) 950 F2d 1429, 1432.)

"In determining whether to allow an amendment, courts generally consider five factors, known as the *Foman* factors: (1) "undue delay," (2) "bad faith or dilatory motive on the part of the movant," (3) "repeated failure to cure deficiencies by amendments previously allowed," (4) "undue prejudice to the opposing party by virtue of allowance of the amendment," and (5) "futility of amendment." (*Morand-Doxzon, supra,* 2021 WL 831263, at *2; citing *Foman v. Davis*, (1962) 371 U.S. 178, 182.) "Not all of the [*Foman*] factors merit equal weight.... [I]t is the consideration of prejudice to the opposing party that carries the greatest weight." (*Morand-Doxzon, supra,* 2021 WL 831263, at *2; quoting *Eminence Capital, LLC v. Aspeon, Inc.*, (9th Cir. 2003) 316 F.3d 1048, 1052.) "[T]he crucial factor is the resulting prejudice to the opposing party." (*Howey v. United States*, (9th Cir. 1973) 481 F.2d 1187, 1190.)

/ / /

- 3 -

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND THE FIRST AMENDED COMPLAINT TO ADD PLAINTIFFS AND TO ALLOW THEM TO PROCEED ANONYMOUSLY**

Further, "Courts may decline to grant leave to amend only if there is strong evidence of" the *Foman* factors. (*Sonoma County Ass'n of Retired Employees v. Sonoma County*, (9th Cir. 2013) 708 F.3d 1109, 1117; quoting *Foman, supra,* 371 US at 182.) "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." (*Eminence Capital*, *supra*, 316 F.3d at 1052.) "Defendants bear the burden of overcoming this presumption." (*Morand-Doxzon, supra,* 2021 WL 831263, at *3; citing *DCD Programs Ltd. V. Leighton,* (9th Cir. 1987) 833 F.2d 183, 187 ("The party opposing amendment bears the burden of showing prejudice.")

### 2. FRCP 20 STANDARD.

"Persons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." (FRCP 20(a)(1).) "Rule 20... is to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." (*League to Save Lake Tahoe v. Tahoe Reg. Plan. Agency*, (9th Cir. 1977) 558 F.2d 914, 917.) "Under the rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." (*Ibid.*; quoting *United Mine Workers of Amer. v. Gibbs*, (1966) 383 U.S. 715, 724).

In addition to those two requirements, "a trial court must consider ... other relevant factors ... in order to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness." (*Morand-Doxzon, supra,* 2021 WL 831263, at *2; quoting *Desert Empire Bank v. Ins. Co. of North Am.,* (9th Cir. 1980) 623 F.2d 1371, 1375.) "These factors are: (1) 'possible prejudice that may result to any of the parties in the litigation,' (2) 'the delay of the moving party in seeking an amendment to his pleadings,' (3) 'the motive that the moving party has in seeking such amendment,' (4) 'the closeness of the relationship between the new and the old parties,' (5) 'the effect of an amendment on the court's jurisdiction,' and (6) 'the new party's notice of the pending action.'" (*Morand-Doxzon, supra,* 2021 WL 831263, at *2; quoting *Desert Empire Bank, supra,* 623 F.2d at 1375.)

- 4 -

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND THE FIRST AMENDED COMPLAINT TO ADD PLAINTIFFS AND TO ALLOW THEM TO PROCEED ANONYMOUSLY**

### B. DISCUSSION REGARDING RULE 15.

As noted above, the *Foman* factors are: (1) "undue delay;" (2) "bad faith or dilatory motive on the part of the movant;" (3) "repeated failure to cure deficiencies by amendments previously allowed;" (4) "undue prejudice to the opposing party by virtue of allowance of the amendment;" and (5) "futility of amendment." (*Morand-Doxzon, supra,* 2021 WL 831263, at *2; citing *Foman, supra,* 371 U.S. at 182.)

First, there has been no undue delay in seeking leave to amend to file the Second Amended Complaint. As set forth above, Phillips' initial Complaint was filed on June 15, 2021. Following challenges to the initial Complaint, Phillips filed a First Amended Complaint on March 28, 2022. BUSD and Bissell subsequently filed Answers to the First Amended Complaint on April 22, 2022 and April 25, 2022, respectively, which for the first time put the case at issue.

Second, there is no bad faith or dilatory motive behind seeking leave to file the Second Amended Complaint. As noted above, this Motion is being filed less than a month after the case became "at issue." Phillips and the prospective plaintiffs moved expediently to file this Motion and there is no bad faith motive behind doing so.

Third, the Second Amended Complaint primarily seeks to add plaintiffs to this matter. Other than correcting an allegation and a prayer for relief as set forth in the stipulation between BUSD and Plaintiff, the Second Amended Complaint is not seeking to cure deficiencies in the First Amended Complaint and there has been only one amendment to the initial Complaint.

Fourth, the Second Amended Complaint would not result in any prejudice to BUSD or Bissell. As noted above, the case first became at issue on April 25, 2022 and this amendment to the First Amended Complaint is being sought less than a month after the case became at issue. Moreover, Defendants would face prejudice if the Court does not grant leave to amend to file the Second Amended Complaint because they would have to defend against, at a minimum, two separate lawsuits and, at a maximum, eight separate lawsuits. As discussed below regarding Rule 20, questions of law or fact common to all plaintiffs will arise in the action and it is in the parties' best interest to have those questions of law and fact determined in a single action.

///

- 5 -

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND THE FIRST AMENDED COMPLAINT TO ADD PLAINTIFFS AND TO ALLOW THEM TO PROCEED ANONYMOUSLY**

Fifth, the futility factor does not appear to apply here because leave is sought to file a Second Amended Complaint in order to add additional plaintiffs and not primarily to address pleading deficiencies other than those noted in BUSD and Phillips' stipulation regarding the First Amended Complaint.

C. **DISCUSSION REGARDING RULE 20.**

As noted above, under Rule 20(a)(1), persons may join in a one action as plaintiffs if "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." (FRCP 20(a)(1).)

In this case, Phillips and the prospective plaintiffs seek damages, both jointly and severally, against BUSD and Bissell. Those damages arose out of Bissell's sexual misconduct directed at Phillips and each of the prospective plaintiffs and BUSD's failure to address a teacher's (i.e., Bissell) sexual misconduct directed at minor students (i.e., Phillips and the prospective plaintiffs), among other actionable acts or omissions. (See Second Amended Complaint, ¶¶9-42; see also *Jones v. CertifiedSafety, Inc.*, (N.D. Cal. Feb. 20, 2019) 2019 WL 758308, at *4 ["the requirement of a same transaction 'may comprehend a series of occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship.'"]; quoting *Mosley v. Gen. Motors Corp.*, (8th Cir. 1974) 497 F.2d 1330, 1333.)

In addition, questions of law and fact common to Phillips and the prospective plaintiffs will arise in this action. For example, whether and when BUSD learned of Bissell's conduct, whether BUSD authorized or ratified Bissell's conduct, whether BUSD was negligent in retaining and supervising Bissell, and what duty was owed to Phillips and the prospective plaintiffs to protect them from Bissell's conduct, among others.

Moreover, the factors to be considered in determining whether the permissive joinder of a party will comport with the principles of fundamental fairness weigh in favor of adding the prospective plaintiffs to this case. As noted above, those factors include

> (1) 'possible prejudice that may result to any of the parties in the litigation,'
> (2) 'the delay of the moving party in seeking an amendment to his pleadings,'
> (3) 'the motive that the moving party has in seeking such amendment,'

- 6 -

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND THE FIRST AMENDED COMPLAINT TO ADD PLAINTIFFS AND TO ALLOW THEM TO PROCEED ANONYMOUSLY**

(4) 'the closeness of the relationship between the new and the old parties,'
(5) 'the effect of an amendment on the court's jurisdiction,' and
(6) 'the new party's notice of the pending action.'"

(*Morand-Doxzon, supra,* 2021 WL 831263, at *2; quoting *Desert Empire Bank, supra,* 623 F.2d at 1375.)

As set forth above, the possibility that Defendants would be prejudiced by the Court granting leave to amend to file the Second Amended Complaint is *de minimis* and the parties are more likely to be prejudiced if the Court does not grant leave, there has not been a substantial delay in seeking leave to amend as this Motion is being made less than a month after the case became at issue, and there is no bad faith motive behind seeking this amendment.

Further, there is a closeness in the relationship between the new and the old parties. Phillips and the prospective plaintiffs were students at BUSD, Phillips and the prospective plaintiffs were students of Bissell, and Bissell directed sexual conduct towards them.

Finally, if the Court grants leave to amend to file the Second Amended Complaint, the Court will no longer have subject matter jurisdiction of this matter. As noted above, BUSD removed this case from Alameda Superior Court on April 28, 2022 based on diversity jurisdiction. The Second Amended Complaint includes prospective plaintiffs who are citizens of California. By adding non-diverse plaintiffs, the Court will no longer have diversity jurisdiction over this matter.

D. **THE COURT SHOULD ALLOW THE PROSPECTIVE PLAINTIFFS TO FILE ANONYMOUSLY.**

Federal Rule of Civil Procedure 10(a) states that a "complaint must name all the parties." The Ninth Circuit holds, however, that "when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing that party's identity," a plaintiff may be allowed to proceed using a pseudonym. (*Humphries v. Button*, (D. Nev. Mar. 11, 2022) 2022 WL 744483, at *1; quoting *Does I through XXIII v. Advanced Textile Corp.*, (9th Cir. 2000) 214 F.3d 1058, 1067.) The Ninth Circuit does not apply a uniform set of considerations when evaluating a plaintiff's request to proceed anonymously, but generally "balance[s] the severity of emotional distress or mental injury the plaintiff appears likely to suffer against the unfairness or prejudice that defendant will suffer if plaintiff is allowed to proceed anonymously, and the public's interest in knowing the identities of all

- 7 -

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND THE FIRST AMENDED COMPLAINT TO ADD PLAINTIFFS AND TO ALLOW THEM TO PROCEED ANONYMOUSLY**

litigants." (*Humphries*, 2022 WL 744483, at *2; quoting *Doe v. JBF RAK LLC*, (D. Nev. Oct. 15, 2014) 2014 WL 5286512, at *4.)

Multiple courts cite the "strong public interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes." (*Humphries*, 2022 WL 744483, at *2; *Doe v. Penzato*, (N.D. Cal. May 13, 2011) 2011 WL 1833007, at *3.) Further, it has been noted that "fictitious names are allowed when necessary to protect the privacy of children, rape victims or other particularly vulnerable parties or witnesses." (*Humphries*, *supra*, 2022 WL 744483, at *2; quoting *Doe v. Penzato*, (N.D. Cal. May 13, 2011) 2011 WL 1833007, at *3.)

In this case, the allegations of the Second Amended Complaint pertain to then minors who experienced "childhood sexual abuse" as that phrase is defined by Code of Civil Procedure section 340.1(e). (See Second Amended Complaint, ¶3.) As this case involves both sexual abuse and children, the prospective plaintiffs submit to the Court that this shows prima facie their interest in maintaining their privacy. (*Doe v. Penzato*, (N.D. Cal. May 22, 2018) 2011 WL 1833007, at *5 ["the public's interest in allowing alleged victims of sexual assault to proceed anonymously outweighs the public's interest in disclosing Plaintiff's identity."].) The prospective plaintiffs agree to disclose their real names to Defendants and the Court so long as their real names are kept under seal.

### E. IF THE COURT ALLOWS THE PROSPECTIVE PLAINTIFFS TO BE ADDED, THE COURT SHOULD REMAND THIS ACTION TO ALAMEDA SUPERIOR COURT.

The bases for federal subject-matter jurisdiction are: (1) federal question jurisdiction under 28 USC §1331 and (2) diversity of citizenship jurisdiction under 28 USC §1332. In this case, BUSD has removed this case from Alameda Superior Court based on diversity of citizenship pursuant to 28 USC §1332. Through the instant Motion, Phillips seeks leave to amend to add additional plaintiffs to this case. Four of the prospective plaintiffs, which includes named prospective plaintiff Esther Healey, are citizens of California. (Jacobs Decl., ¶3.) Thus, if the Court grants leave to amend to add the prospective plaintiffs, the Court will no longer have subject-matter jurisdiction over this case and it is respectfully requested that the Court remand this matter to Alameda Superior Court. (28 USC §1447(c) ["If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."].)

- 8 -

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND THE FIRST AMENDED COMPLAINT TO ADD PLAINTIFFS AND TO ALLOW THEM TO PROCEED ANONYMOUSLY**

## IV. CONCLUSION

For the reasons set forth herein, Phillips and the prospective plaintiffs respectfully request that the Court grant them leave to amend to file the Second Amended Complaint, to add the prospective plaintiffs to this action, to allow the prospective plaintiffs, excluding Esther Healey, to proceed anonymously, and to remand this action to Alameda Superior Court.

Dated: May 23, 2022

WINER, BURRITT & SCOTT, LLP

By: _____
John D. Winer, Esq.
Erika J. Scott, Esq.
Elana R. Jacobs, Esq.

Attorneys for Plaintiff
RACHEL PHILLIPS

- 9 -

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND THE FIRST AMENDED COMPLAINT TO ADD PLAINTIFFS AND TO ALLOW THEM TO PROCEED ANONYMOUSLY**