1
2
3
4                     UNITED STATES DISTRICT COURT
5                    NORTHERN DISTRICT OF CALIFORNIA
6
7    RACHEL PHILLIPS,                          Case No.  22-cv-02605-EMC
8                     Plaintiff,
                                               **ORDER GRANTING PLAINTIFF'S**
9          v.                                  **MOTION FOR LEAVE TO AMEND;**
                                               **AND REMANDING CASE**
10   BERKELEY UNIFIED SCHOOL
     DISTRICT, et al.,                         Docket No. 12
11
                      Defendants.
12
13
14        Currently pending before the Court is Plaintiff Rachel Phillips's motion for leave to
15   amend.  Having considered the parties' submissions, as well as the oral argument of counsel, the
16   Court hereby **GRANTS** Ms. Phillips's motion.
17        Ms. Phillips has sued her former high school teacher, Matthew Bissell, and Berkeley
18   Unified School District ("BUSD") based on alleged sexual harassment by Mr. Bissell while she
19   was a student at Berkeley High.  She initiated her case in state court but BUSD removed it to
20   federal court based on diversity jurisdiction after it learned that Ms. Phillips was (and continues to
21   be) a resident of Oregon at the time she filed suit.  Ms. Phillips seeks to add to her lawsuit seven
22   women who were also allegedly harassed by Mr. Bissell while they were students at Berkeley
23   High.  If the Court were to grant her motion, diversity jurisdiction would be destroyed because
24   some of the women are, like Defendants, California citizens.  Only BUSD has filed an opposition
25   to Ms. Phillips's motion.
26        At the hearing, the Court asked the parties to provide supplemental briefing on the issue of
27   whether BUSD's removal was proper in the first instance in light of the forum defendant rule in 28
28   U.S.C. § 1441(b)(2) (providing that "[a] civil action otherwise removable solely on the basis of the

United States District Court
Northern District of California

United States District Court
Northern District of California

1    jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest

2    properly joined and served as defendants is a citizen of the State in which such action is

3    brought.").  It was not.  Nevertheless, Ms. Phillips did not move to remand based on the improper

4    removal under the forum defendant rule and therefore the issue is waived.  *See* 28 U.S.C. §

5    1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter

6    jurisdiction must be made within 30 days after the filing of the notice of removal . . . ."); *Lively v.*

7    *Wild Oats Markets, Inc.*, 456 F.3d 933, 939 (9th Cir. 2006) ("[T]he forum defendant rule is

8    procedural, and therefore a violation of this rule is a waivable defect in the removal process that

9    cannot form the basis for a district court's sua sponte remand order.").

10          Turning to the merits, the Court is governed by Federal Rules of Civil Procedure 20 and 15

11   (which address permissive joinder and amendment, respectively).  Contrary to what BUSD

12   suggests, § 1447(e) does not apply.  On its face, the statute refers to joinder of additional

13   defendants, not plaintiffs.  *See* 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join

14   additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny

15   joinder, or permit joinder and remand the action to the State court.").  To the extent BUSD argues

16   that the policy reasons underlying § 1447(e) would have resonance even where the contemplated

17   joinder involves plaintiffs rather than defendants, that may be true in part.  As a practical matter,

18   however, many of the § 1447(e) factors are also considerations as part of a Rule 15 analysis.

19          The Court therefore turns to Rules 20 and 15.  It begins with Rule 20 since, if joinder is not

20   proper in the first instance, it need not consider Rule 15 at all.   Rule 20 provides as follows:

21          Persons may join in one action as plaintiffs if:

22          (A) they assert any right to relief jointly, severally, or in the
               alternative with respect to or arising out of the same transaction,
23             occurrence, or series of transactions or occurrences; and

24          (B) any question of law or fact common to all plaintiffs will arise in
               the action.
25

26   Fed. R. Civ. P. 20(a)(1).  Both parts of Rule 20 have been satisfied in the instant case.

27          With respect to (A), courts have indicated that that phrase "same transaction, occurrence,

28   or series of transactions or occurrences" means that there is a degree of factual commonality

United States District Court
Northern District of California

1    underlying the claims or that there is a logical relationship among them such that considerations of

2    judicial economy and fairness support all issues being resolved in one suit.  *See U.S. Ethernet*

3    *Innovations, LLC v. Acer, Inc.*, No. C10-03724 JW, 2010 WL 9934741, at *3 (N.D. Cal. Dec. 21,

4    2010); *Jones v. CertifiedSafety, Inc.*, No. 17-CV-02229-EMC, 2019 WL 758308, at *5 (N.D. Cal.

5    Feb. 20, 2019); *Ardolf v. Weber*, 332 F.R.D. 467, 479 (S.D.N.Y. 2019).  Here, there is at the very

6    least a logical relationship because Ms. Phillips and the proposed new plaintiffs were all sexually

7    harassed or assaulted while they were students at Berkeley High by the same perpetrator – Mr.

8    Bissell.  In effect, Mr. Bissell had a pattern or practice of exploiting his position at the high school

9    to harass female students.  *See Macias v. Lange,* No. 14CV2763-GPC(JMA), 2016 WL 8999479,

10   at *1 (S.D. Cal. Feb. 4, 2016) (ruling that two tenants could be joined based on their allegations of

11   sexual harassment against their landlord even though the harassment occurred at different rental

12   properties and at different times); *Ardolf*, 332 F.R.D. at 480 (noting logical relationship in

13   plaintiff-models' claims of sexual assault against the same defendant-photographer; defendant

14   "subjected [plaintiffs] to the same modus operandi to molest them" (emphasis omitted).  For

15   similar reasons, the requirement in (B) is also satisfied.  A pattern of behavior may be legally

16   relevant.  *See id.* at 480-81 (stating that "Plaintiffs identify a deluge of legal and factual questions

17   that are pertinent to Defendant's modus operandi, and therefore to all their claims"; although "a

18   trier of fact will also have to make factual determinations unique to each individual Plaintiff[,]

19   '[t]here is no requirement . . . that all questions of law and fact be identical in order for there to be

20   permissive joinder under Rule 20(a)"); *Am. Oversight v. U.S. Dep't of Veterans Affairs*, 326 F.R.D.

21   23, 29-30 (D.D.C. 2018) (also noting that Rule 20 "does not require all questions of law and fact

22   to be identical – only some").

23        BUSD argues that it is in a different position from Mr. Bissell: Mr. Bissell is the alleged

24   direct perpetrator; BUSD's liability will turn on its knowledge of Mr. Bissell's conduct.  This is

25   true.  However, that does not mean that there is not a logical relationship, even assuming that the

26   Court were to consider only the claims against BUSD (and not Mr. Bissell).  Indeed, with each

27   complaint made about Mr. Bissell, there is a stronger logical relationship as each individual

28   woman will likely rely on the earlier complaints to argue that BUSD knew about Mr. Bissell's

misconduct over the years and still failed to respond properly.  To the extent BUSD argued at the hearing that the Court should make a distinction between the claims asserted against it – some based on a negligence theory and others based on a ratification theory – that does not defeat permissive joinder under Rule 20.  First, for both the negligence theory and the ratification theory, BUSD's knowledge will be at issue.  Second, BUSD has not cited to authority holding that joinder is proper only if all of the distinct causes of action pled by the plaintiffs meet the Rule 20 requirements.  Here, there is a reasonable likelihood that many of the claims will be sufficiently interrelated as to warrant joinder.

Because permissive joinder is appropriate under Rule 20, the Court now turns to Rule 15. Under Rule 15, leave to amend should be "freely give[n] when justice so requires."  Fed. R. Civ. P. 15.  "Leave to amend is to be granted unless considerations 'such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment' counsel otherwise." *Crown Energy Servs. v. Zurich Am. Ins. Co.*, No. 19-cv-06334-EMC, 2021 U.S. Dist. LEXIS 102544, at *5 (N.D. Cal. June 1, 2021) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962).  In the instant case, BUSD primarily argues bad faith and prejudice.

As to bad faith, although BUSD's position is not without any merit, it is not clear that Ms. Phillips sought to join the proposed new plaintiffs solely as a means to destroy diversity jurisdiction.

As for prejudice, BUSD has failed to show how it has been prejudiced by the Ms. Phillips's delay in seeking amendment.  BUSD will have to defend against Ms. Phillips's claims and the claims of the proposed new plaintiffs whether the claims are brought in one suit or eight separate suits.  In other words, BUSD cannot claim that amendment will require it to do more work – and in any event, that is not the kind of prejudice contemplated by Rule 15.  BUSD also cannot assert prejudice because no deadlines have been set in the case; thus, BUSD can conduct the necessary discovery to defend against both Ms. Phillips's claims and the claims of the proposed new plaintiffs.  Finally, BUSD cannot claim that being forced to litigate in a state forum

1  is prejudicial particularly when, but for Ms. Phillips's waiver, it would not have been able to

2  remove based on the forum defendant rule.

3  Accordingly, the Court grants Ms. Phillips's motion to amend.  Ms. Phillips may join the

4  seven proposed plaintiffs to this case.  Because some of these plaintiffs are citizens of California,

5  there is no longer complete diversity and the Court therefore lacks diversity jurisdiction over the

6  case.  The Court therefore **REMANDS** the case back to superior court.  The Court also grants the

7  proposed new plaintiffs' request to proceed anonymously (neither Defendant opposed the request),

8  although this ruling does not preclude the state court from revisiting the issue.

9  This order disposes of Docket No. 12.

10

11  **IT IS SO ORDERED**.

12

13  Dated: August 5, 2022

14

15  _____

16  EDWARD M. CHEN
   United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

5